■ THEODORE P. SARGENT et al., Respondents, v. BRUNNER HOUSING CORP., Appellant, et al., Defendants, and LONG ISLAND LIGHTING COMPANY, Respondent.— Appeal from so much of a judgment of the Supreme Court, Suffolk County, entered June 23, 1967, as (1) adjudged plaintiffs to own a right of way easement over appellant's land, (2) granted plaintiffs injunctive relief, money damages and costs and disbursements of the action and (3) granted relief to defendant Long Island Lighting Company on its cross complaint against appellant. Judgment modified, on the law and the facts, by (1) striking therefrom the first, fifth, seventh, ninth and eleventh adjudicatory paragraphs and (2) reducing the monetary awards in the sixth and eighth adjudicatory paragraphs to $7,500 and $2,500, respectively. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion, appellant, the fee owner of the land which is subject to plaintiffs' right of way easements, may dedicate what it owns, provided the dedication does not adversely affect the private easements (*Jennings v. High Farms Corp.,* 28 A D 2d 693). As burdens on the land, the public right of way and plaintiffs' private rights would be substantially identical and the private easements would not be extinguished by the dedication (*Jennings v. High Farms Corp., supra,* and cases cited therein). To the extent that plaintiffs' property and easement rights have been adversely affected by the acts of the servient owner, we think the monetary awards, as modified herewith, adequately compensate them for their damage. We see no substantial benefit to be derived from removal of the driveway curbing, the driveway and the gated fence from the right of way. The photographs in evidence indicate that the right of way is impassable for vehicular traffic a very short distance beyond the fence; and an unlocked, gated fence imposes but a slight inconvenience to pedestrian passage and will not adversely affect the existence of the easement

(cf. *Messer* v. *Leveson*, 23 A D 2d 834, 835; *Falco* v. *Minzner*, 28 Misc 2d 300, 302; see, generally, 17 N. Y. Jur., Easements and Licenses, §§ 174, 175, 177). Christ, Acting P. J., Brennan, Hopkins, Benjamin and Martuscello, JJ., concur. [52 Misc 2d 623.]