◼ CLARENCE R. RYDBERG et al., Respondents, v JENNINGS BEACH ASSOCIATION, INC., Appellant.—In an action to declare the rights of the parties with respect to certain restrictive covenants, defendant appeals from a judgment of the Supreme Court, Suffolk County, dated November 30, 1978, which (1) granted plaintiffs' motion for summary judgment, (2) denied its cross motion for summary judgment and dismissed its counterclaim and (3) declared that plaintiffs are entitled to subdivide their property into two parcels and to build a single-family dwelling on each parcel. Judgment reversed, on the law, with $50 costs and disbursements, plaintiffs' motion is denied, defendant's cross motion is granted and it is declared that plaintiffs are prohibited from constructing a dwelling on the lot in issue. In 1950 Jeanette Jennings Taylor, Oliver B. Jennings and Constance Jennings Ely (hereafter collectively referred to as the Jennings) were the owners of real property in the Village of Lloyd Harbor, Town of Huntington. The Jennings subdivided their property and sold 26 plots, each deed containing a schedule of covenants and restrictions. The deed dated June 12, 1955, by which the Jennings conveyed a lot containing 5.026 acres to Mattison, contained the afore-mentioned schedule of covenants and restrictions. Among the restrictions was the following: "No person shall own less than two (2) acres. Not more than one dwelling together with customary outbuildings for the use of employees shall be erected or maintained on the premises hereby conveyed. No house or other building shall be erected nearer than seventy-five (75)

feet from any street line or any boundary line of the plot." On July 28, 1970 plaintiffs purchased the Mattison property and subsequently sold three acres of the 5.026-acre plot along with the home thereon. They now seek to build a home on the 2.026 acres they retained. Defendant, the assignee of the Jennings' rights to the covenants and restrictions, contends that the quoted restriction bars plaintiffs from building a home on the land retained by them. We agree. Contrary to plaintiffs' contention, we do not find the restriction in issue ambiguous. The plain meaning of the statement "Not more than one dwelling * * * shall be erected * * * on the premises hereby conveyed", precludes plaintiffs' plans. Nor, in our view, does the first sentence, "No person shall own less than two (2) acres", defeat the clear prohibition intended by the second sentence. Even if the restriction were deemed to be ambiguous, we would reach the same result. In *Blair v Ladue* (14 AD2d 373, 375), the court stated: "Restrictive covenants are disfavored by the law to the extent that where the terms of an instrument permit more than one construction that construction which favors the free and unobstructed use of the property will be upheld *(Premium Point Park Assn. v. Polar Bar,* 306 N. Y. 507). However, the application of this afore-mentioned rule is subject to the general rule of construction that the intent of the parties is the paramount consideration *(Bovin v. Galitzka,* 250 N. Y. 228)." When such intention is not clear from the agreement itself, it should be gathered from all the surrounding circumstances (cf. *Booth v Knipe,* 225 NY 390; 13 NY Jur, Covenants and Restrictions, § 71). Thus, if in the case at bar the intent of the parties could not be ascertained from the deed, we would look to surrounding circumstances. An examination of such circumstances, makes it clear that the intent of the parties was to preclude the construction of a second dwelling. We note that the Jennings did a study before subdividing their land and chose to create larger plots although they could have obtained a greater financial return from selling smaller lots; that the plaintiffs themselves and other residents have in the past construed the covenant as barring the construction of a second dwelling; and that, in 1953, the Jennings changed the restriction in issue here from "No person shall own less than two (2) acres. Not more than one dwelling * * * shall be erected * * * *on said premises"* (which would be supportive of plaintiffs' position), to "No person shall own less than two (2) acres. Not more than one dwelling * * * shall be erected * * * on the *premises hereby conveyed"* (emphasis supplied). Accordingly, the plaintiffs are prohibited from building a dwelling on their land. Upon the argument of this appeal, both sides agreed that only a question of law is here involved, and that a trial could not adduce any facts not in this record. Suozzi, J. P., Lazer, Gulotta, Shapiro and Cohalan, JJ., concur.