■ JENNINGS BEACH ASSOCIATION, INC., Respondent, v EUGENE C. KAISER et al., Appellants.—In an action for a judgment declaring the rights of the parties with respect to a restrictive covenant, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered July 27, 1987, which, upon granting the plaintiff's motion for summary judgment, declared that the covenant prohibited the erection of more than one dwelling with customary out buildings for the use of employees on the property in question, and denied their cross motion for summary judgment.

Ordered that the judgment is affirmed, with costs.

At issue is the meaning of a restrictive covenant pertaining to certain lots of land in the Village of Lloyd Harbor in the Town of Huntington, Suffolk County. The covenant provides, *inter alia,* that "No person shall own less than two (2) acres. Not more than one dwelling * * * shall be erected or maintained on *said premises"* (emphasis supplied). The defendants are the owners of the property at issue and contend that this covenant is ambiguous and should be construed strictly against the plaintiff, which is seeking to enforce it, giving it the interpretation that favors the free and unobstructed use and enjoyment of their property.

In our view, the determination in this case is governed by our previous ruling in *Rydberg v Jennings Beach Assn.* (69 AD2d 816, *affd* 49 NY2d 934 *for reasons stated at App Div).* In *Rydberg,* the owner also sought to construct a second dwelling on a plot in the same property subdivision as the defendants in this case. The restrictive covenant was similar to the one at issue except for a change made to clarify an ambiguity in the meaning of the words "said premises" by replacing it with the words "premises hereby conveyed". This court held that the

language of the later covenant referring to "premises hereby conveyed" was not ambiguous. This court also went on to state that "even if the restriction were deemed to be ambiguous, we would reach the same result" to prohibit the construction *(Rydberg v Jennings Beach Assn., supra,* at 817).

In declining to apply the rule that would strictly construe any ambiguity against the party seeking enforcement of the covenant, this court stated that such a rule is preempted by the rule of construction which treats the intention of the parties as paramount. "When such intention is not clear from the agreement itself, it should be gathered from all the surrounding circumstances (cf. *Booth v Knipe,* 225 NY 390; 13 NY Jur, Covenants and Restrictions, § 71)" *(Rydberg v Jennings Beach Assn., supra,* at 817). This court then proceeded to ascertain the intent of the parties with regard to the restrictive covenant as follows: "Thus, if in the case at bar the intent of the parties could not be ascertained from the deed, we would look to surrounding circumstances. An examination of such circumstances, makes it clear that the intent of the parties was to preclude the construction of a second dwelling. We note that the Jennings did a study before subdividing their land and chose to create larger plots although they could have obtained a greater financial return from selling smaller lots; that the plaintiffs themselves and other residents have in the past construed the covenant as barring the construction of a second dwelling; and that, in 1953, the Jennings changed the restriction in issue here from 'No person shall own less than two (2) acres. Not more than one dwelling * * * shall be erected * * * *on said premises'* (which would be supportive of plaintiffs' position), to 'No person shall own less than two (2) acres. Not more than one dwelling * * * shall be erected * * * on the *premises hereby conveyed'* (emphasis supplied)" *(Rydberg v Jennings Beach Assn., supra,* at 817).

In this case, despite the clarification in the wording in the second restrictive covenant at issue in *Rydberg,* the ambiguity in the language set forth in the original covenant is the same and must be resolved by ascertaining the intention of the parties from the surrounding circumstances. Applying the same factors to determine the intent of the parties as recited in *Rydberg,* the court properly found that the terms of the restrictive covenant in the defendants' deed prohibited the construction of a second dwelling on their property.

The defendants' other contention has not been preserved for appellate review *(see, Telaro v Telaro,* 25 NY2d 433, 438; *Cohn v Goldman,* 76 NY 284, 287; *Risucci v Homayoon,* 122 AD2d

260, 261; *Orellano v Samples Fire Equip. & Supply Corp.,* 110 AD2d 757, 758). Lawrence, J. P., Rubin, Spatt and Sullivan, JJ., concur.