■ JODY R. EWING et al., Respondents, v PHILIP N. WATSON et al., Appellants. [790 NYS2d 40]—

In an action, in effect, to quiet title pursuant to RPAPL article 15, the defendants appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Pitts, J.), entered February 17, 2004, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss, or in the alternative, for summary judgment dismissing the causes of action to extinguish the easements filed with the Suffolk County Clerk on September 12, 2002, December 12, 2002, and April 29, 2003, and upon granting the plaintiffs' application pursuant to CPLR 3211 (c) to treat the motion as one for summary judgment in their favor, awarded the plaintiffs summary judgment on those causes of action and excluded the defendants absolutely from the property known as Suffolk County Tax Map Lot No. 0900-111.00-03.00-3.4 except for use of a 20-foot strip of land for ingress and egress.

Ordered that the order and judgment is modified, on the law, by (1) deleting the provisions thereof denying those branches of the defendants' motion which were for summary judgment dismissing the causes of action to extinguish the easements filed with the Suffolk County Clerk on September 12, 2002, and December 12, 2002, and substituting therefor provisions granting those branches of the defendants' motion, and (2) deleting the provisions thereof awarding the plaintiffs summary judgment on the causes of action to extinguish the easements filed with the Suffolk County Clerk on September 12, 2002, December

12, 2002, and April 29, 2003, and excluding the defendants Philip N. Watson and Jill Watson absolutely from the property known as Suffolk County Tax Map Lot No. 0900-111.00-03.00-3.4 except for use of a 20-foot strip of land for ingress and egress; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the defendants.

In 1984 the Planning Board of the Town of Southampton (hereinafter the Planning Board) approved an application to subdivide certain real property. In connection with such approval, the Planning Board required that certain covenants and restrictions be imposed on the parcels, and a declaration of covenants and restrictions dated January 19, 1984, was filed with the Suffolk County Clerk, providing, in pertinent part: "That at no time hereafter shall there be any further subdivision of or modification to parcel No. 4 as herein described, and as approved by the Planning Board of the Town of Southampton, unless a major subdivision map is filed with the Suffolk County Clerk with the approval of the Planning Board of the Town of Southampton. That on parcel No. 3 . . . [the] 20 foot wide strip of land which provides access to said parcel from West Neck Road, shall not be made available or be used as legal access, pursuant to the provisions of Chapter 69 of the Code of the Town of Southampton, Section 12 (c), for any lot, plot, piece or parcel of land other than parcel No. 3 unless such access is approved by the Planning Board of the Town of Southampton, or its successors."

The parcel referred to in the declaration of covenants and restrictions as parcel No. 4 includes the parcel now owned by the defendants Michael Neill and Stephanie Neill (hereinafter the Neill Parcel), and three other parcels. The parcel referred to in the covenants and restrictions as parcel No. 3 was acquired by the plaintiffs (hereinafter plaintiffs' parcel) on January 29, 2003.

By an easement filed with the Suffolk County Clerk on November 30, 2000, between nonparty Acton Trussell Holdings, LLC, as grantor and the defendants Philip N. Watson and Jill Watson (hereinafter the Watsons), an easement was granted to the Watsons, over the 20-foot wide strip of land on the plaintiffs' parcel providing access to West Neck Road. By Planning Board resolution dated March 29, 2002, the Watsons' application for approval of use of that easement over the 20-foot strip of land was granted.

Thereafter, additional easements were filed with the Suffolk County Clerk on September 12, 2002, and December 12, 2002, purporting to grant to additional parcels easement rights over

the 20-foot strip of land on the plaintiffs' parcel. The defendants did not obtain Planning Board approval of the use of these filed easements. Finally, on April 29, 2003, the Neill defendants filed an easement which purported to burden a 30-foot strip of land on their own property, adjacent to the 20-foot strip of land on the plaintiffs' parcel, thereby enlarging the access road to 50 feet.

The plaintiffs brought this action to quiet title, in effect, pursuant to article 15 of the RPAPL, to the 20-foot strip of land on their parcel, arguing that the easements which were filed without Planning Board approval should be extinguished because they were filed in violation of the declaration of covenants and restrictions dated January 19, 1984. The Supreme Court agreed, and, inter alia, extinguished all of the easements except for the easement filed with the Suffolk County Clerk on November 30, 2000, which had been approved by the Planning Board. The defendants appeal, arguing, among other things, that the filing of the easements did not violate the declaration of covenants and restrictions.

The declaration of covenants and restrictions and the easements at issue here are private agreements with respect to the use of property, the former restricting use and the latter permitting use (see Witter v Taggart, 78 NY2d 234, 237 [1991] [defining a restrictive covenant as a "negative easement( )" which "restrain(s) servient landowners from making otherwise lawful uses of their property"]; Matter of Sierra Club v Palisades Interstate Park Commn., 99 AD2d 548, 549 [1984] [defining an easement as "a right, distinct from ownership, to use in some way the land of another" (internal quotation marks omitted)]). "The use that may be made of land under a zoning ordinance and the use of the same land under an easement or restrictive covenant are, as a general rule, separate and distinct matters, the ordinance being a legislative enactment and the easement or covenant a matter of private agreement" (Matter of Friends of Shawangunks v Knowlton, 64 NY2d 387, 392 [1985]; see Chambers v Old Stone Hill Rd. Assoc., 1 NY3d 424 [2004]).

The issue in this case is not whether the easements are invalid for failure to get Planning Board approval, but rather whether the easements were filed in violation of the restrictive covenant requiring Planning Board approval to make the 20-foot strip of land on the plaintiffs' parcel available as access to parcels other than the plaintiffs' parcel.

We find that the restrictive covenant which states that the 20-foot strip of land on the plaintiffs' parcel shall not be made available or be used as legal access to any parcel other than the

plaintiffs' parcel, unless such access is approved by the Planning Board, to be ambiguous as to whether Planning Board approval is required before the filing of an easement which purports to make the 20-foot strip of land available to parcels other than plaintiffs' parcel. In this regard, we note that the Planning Board approved the Watsons' application to use the easement filed on November 30, 2000, after it had been filed. Moreover, the defendants acknowledge that they may not *use* the easements filed on September 12, 2000, and December 12, 2000, unless and until such usage is approved by the Planning Board.

"[T]he law has long favored free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them" (*Witter v Taggart, supra* at 237; *see Huggins v Castle Estates,* 36 NY2d 427, 430 [1975]). "[A]ny ambiguity in a covenant restricting use must be strictly construed against those seeking to enforce it, and the court must interpret the covenant to limit, rather than extend, its restriction" (*9394 LLC v Farris,* 10 AD3d 708, 709 [2004]). "[W]here the language used in a restrictive covenant is equally susceptible of two interpretations, the less restrictive interpretation must be adopted" (*Ludwig v Chautauqua Shores Improvement Assn.,* 5 AD3d 1119, 1120 [2004]). Applying those rules here, the defendants did not violate the restrictive covenant by filing the easements on September 12, 2000, and December 12, 2000, without first obtaining Planning Board approval.

Similarly, the easement filed on April 29, 2003, did not violate the restrictive covenant requiring Planning Board approval before the 20-foot strip of land on the plaintiffs' parcel could be made available or used as access to parcels other than the plaintiffs' parcel. However, since neither movant established, as a matter of law, that the easement violated or did not violate the restrictive covenant which prohibited "further subdivision of or modification to parcel No. 4 . . . unless a major subdivision map is filed with the Suffolk County Clerk with the approval of the Planning Board of the Town of Southampton," the plaintiffs should not have been awarded summary judgment on the cause of action to extinguish that easement and the defendant was properly denied summary judgment on that cause of action. Schmidt, J.P., Adams, Santucci and Luciano, JJ., concur.