HILDA MESTER et al., as Trustees of the JOHN MESTER INCOME FAMILY TRUST, Appellants, v LAWRENCE ROMAN et al., Respondents. [809 NYS2d 226]—

Crew III, J.P. Appeal from those parts of an order of the Supreme Court (Ledina, J.), entered November 3, 2004 in Sullivan County, which partially denied plaintiffs' motion for summary judgment and partially granted defendants' cross motion for summary judgment.

Plaintiffs and defendants own real property in the Town of Bethel, Sullivan County, near White Lake. The subject properties are depicted on a subdivision map filed in 1908, the deeds to which include the language "SUBJECT to rights, if any whatsoever, in common with others to the use of Hoyer Avenue."

Hoyer Avenue is a paper street that runs from a county road to the shores of White Lake and abuts the parties' properties. Defendants Lawrence Roman and Katherine Roman need access to Hoyer Avenue in order to reach their driveway and to access White Lake. Because members of the general public use Hoyer Avenue to access White Lake and, in so doing, build campfires and leave garbage and broken bottles in the area, the Romans decided to erect a security gate across the entrance to Hoyer Avenue. Plaintiffs, upon learning of the Romans' intentions, commenced this action seeking, inter alia, to enjoin

defendants* from erecting such a gate. Defendants answered and counterclaimed seeking a declaration that they have the right to erect a security gate. Plaintiffs moved for summary judgment and defendants cross-moved for the same relief. Supreme Court, among other things, granted summary judgment to the Romans holding that they were permitted to erect a security gate across Hoyer Avenue so long as the gate allowed for sufficient room for vehicular traffic and plaintiffs were provided with keys to the gate. Plaintiffs now appeal.

Plaintiffs, as limited by their brief, contend that Supreme Court erred in granting summary judgment declaring that the Romans are entitled to erect a security gate across the entrance to Hoyer Avenue. We disagree.

There can be no doubt that plaintiffs enjoy an easement over Hoyer Avenue, which is a "right of passage, and not any right in a physical passageway itself" (*Lewis v Young*, 92 NY2d 443, 449 [1998]). It is equally well settled that the Romans, who are burdened by the easement, may gate it or fence it off provided plaintiffs' right of passage is not impaired (*see id.* at 449). The uncontradicted evidence before Supreme Court reveals that trespassers continually use the right-of-way to access White Lake and, in so doing, have discarded broken bottles on the Romans' property. Additionally, the Romans are fearful of potential criminal activity at their home and are fearful of the safety of their children by reason of the frequent trespassers. In our view, that evidence fully supports Supreme Court's determination that the erection of a security gate is warranted so long as plaintiffs are given a key, thereby providing them with their continuing right of passage.

Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Defendant Aaron Sporn gave the Romans permission to erect the gate.