■ BIRCH TREE PARTNERS, LLC, Respondent, v WINDSOR DIGITAL STUDIO, LLC, Appellant. [945 NYS2d 162]—

In an action, inter alia, for injunctive relief based on alleged violations of a restrictive covenant, the defendant appeals from

so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.) dated June 21, 2011, as denied its motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the third cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant owns a small piece of property (hereinafter the property) that is subject to a restrictive covenant contained in a deed dated October 18, 1956. The covenant states, in relevant part, that the property will be "perpetually unavailable for the . . . erection . . . of any building or structure." The covenant also provides that "no desirable trees or vegetation shall be removed from [the property] in the manner which would injure the appearance of the [property] and detract from its use as a screen between" the larger piece of land owned by the defendant and the neighboring land owned by the plaintiff. The current dispute arose after the defendant allegedly removed vegetation, including trees, plants, and shrubs, from the "restricted area," installed a "six foot tall forty (40) foot long fence in the [restricted] area," and planted a privet hedge in the same area.

The plaintiff commenced this action, seeking, in the first cause of action, a judgment directing, inter alia, that the defendant "remove the fence installed within the Restricted Area." In the second cause of action, the plaintiff sought to direct the defendant to "undertake the . . . reestablishment of the Restricted Area and restore the same to the manner in which it existed prior to [defendant's] violation." In the third cause of action, the plaintiff sought the removal of the privet hedge. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. The defendant appeals, and we modify.

As a general rule, restrictive covenants "are strictly construed against those seeking to enforce them" (*Witter v Taggart*, 78 NY2d 234, 237 [1991]). However, this rule of strict construction is "subject to the general rule of construction that the intent of the parties is the paramount consideration" (*Rydberg v Jennings Beach Assn.*, 69 AD2d 816, 817 [1979], *affd* 49 NY2d 934 [1980]; *see Bovin v Galitzka*, 250 NY 228 [1929]; *see also Kitching v Brown*, 180 NY 414, 427 [1905]; *Ford v Fink*, 84 AD3d 725, 726-727 [2011]; *Jennings Beach Assn. v Kaiser*, 145 AD2d 607, 608 [1988]). In addition, "[t]he surrounding circumstances may, at times, become an important consideration in decipher-

ing the intent, and interpreting the scope, of a restrictive covenant" (*Liebowitz v Forman*, 22 AD3d 530, 531-532 [2005]).

Contrary to the defendant's contention, given the ambiguity in the language of the covenant, including whether a fence should be considered a "structure," and what are "desirable" trees and vegetation, it cannot be determined, as matter of law, that the defendant had the right to erect a fence or to remove trees and vegetation from the property. There are triable issues of fact as to whether the original parties to the restrictive covenant intended to prohibit the installation of the type of fence allegedly built by the defendant, or the removal of the type of trees and vegetation allegedly removed by the defendant. In this regard, there are questions as to whether fences existed in the vicinity of the subject property as of 1956, or at later times during the occupancy of the properties by the original parties to the restrictive covenant, and, if so, how such fences or other structures might have been configured. Similar questions exist as to the type of vegetation that existed as of 1956. Accordingly, since the trier of fact must determine various issues of fact relating to the circumstances surrounding the drafting of the restrictive covenant in order to glean the intent and scope of the covenant, the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law with respect to the first and second causes of action, and the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing those causes of action (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

However, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the third cause of action, which sought removal of the privet hedge which the defendant planted on the property. There is nothing in the restrictive covenant that could be read as prohibiting the introduction of new vegetation onto the surface of the property. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the third cause of action. Rivera, J.P., Belen, Sgroi and Miller, JJ., concur.