10-2744-cv
Petrello v. White

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand thirteen.

PRESENT: JON O. NEWMAN,
BARRINGTON D. PARKER,
REENA RAGGI,
*Circuit Judges.*

-----------------------------------------------------------------------------------

ANTHONY G. PETRELLO, CYNTHIA A. PETRELLO,

*Plaintiffs-Counter-Defendants-Appellants*,

v.                                                            No. 10-2744-cv

JOHN C. WHITE, JR., WHITE INVESTMENT REALTY, LP.,

*Defendants-Counter-Claimants-Appellees.*

-----------------------------------------------------------------------------------

APPEARING FOR APPELLANTS:      NICA B. STRUNK, Esseks, Hefter & Angel, LLP, Riverhead, New York.

APPEARING FOR APPELLEES:      DANIEL N. JOCELYN (Banks Brown, Monica S. Asher, *on the brief*), McDermott Will & Emery LLP, New York, New York.

Appeal from a post-judgment order of the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order entered on June 9, 2010, is VACATED, and the case is REMANDED for further proceedings.

Plaintiffs appeal from a post-judgment order resolving a dispute between the parties over language in an August 25, 1998 contract for sale of 9.56 acres of waterfront property located in Sagaponack, New York ("Contract"). See Petrello v. White, No. 01-CV-3082 (DRH)(MLO), 2010 WL 2346303 (E.D.N.Y. June 9, 2010). The district court issued the order to effect its December 30, 2008 judgment awarding plaintiffs specific performance of the Contract. See Petrello v. White, No. 01-CV-3082(DRH)(MLO), 2008 WL 5432230 (E.D.N.Y. Dec. 30, 2008). In the order, the court interpreted the restrictive covenant in ¶ 33(2) of the Rider to the Contract, which states: "Lots 5 and 6 shall be subject to a covenant that they shall be owned by a common owner of record," Joint App'x at 32, unambiguously to require that "the title to lots 5 and 6 shall be in the same person or persons," Petrello v. White, 2010 WL 2346303, at *1.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See, e.g., In re Am. Preferred Prescription, Inc., 255 F.3d 87, 92-93 (2d Cir. 2001) ("[O]rders entered post-judgment in ordinary civil litigation . . . are generally appealable, unless they are 'ministerial' or 'administrative', such as post-judgement discovery orders." (citations omitted)). "We review the district court's conclusion regarding whether a contract is clear

2

or ambiguous <u>de novo</u>." <u>Krumme v. WestPoint Stevens Inc.</u>, 238 F.3d 133, 139 (2d Cir. 2000) (internal quotation marks omitted). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

In the district court, both parties maintained that the above-quoted language of the restrictive covenant in ¶ 33(2) is unambiguous at the same time that they disagreed as to what that provision unambiguously means. Plaintiffs claimed that the provision requires the two lots to have at least one owner in common, thus, preserving their ability to "checkerboard" the property.[1] Defendants, on the other hand, asserted that the provision demands that the two lots have identical owners. A court-appointed expert advised that the disputed phrase "shall be owned by a common owner of record": "(1) is not a term of art; (2) is unambiguous and should be decided within the four corners of the contract; and (3) requires that lots 5 and 6 have at least one common owner between them." <u>Petrello v. White</u>, 2010 WL 2346303, at *1. The district court adopted the first two of the expert's conclusions, but rejected the third, which supported plaintiffs' position. <u>See id.</u> Instead, the district court ruled that the "clear meaning of the phrase 'shall be owned by a common owner' requires the two lots to have unity of ownership," <u>id.</u> at *3, a construction favoring defendants.

_____

[1]According to plaintiffs, checkerboarding of title "is a common strategy whereby title to adjacent parcels are maintained in single-and-separate ownership in order to avoid the possibility of the municipality merging the lots and the negative consequences of such a merger on development rights." Appellants Br. at 4 n.1.

Under New York law, which the parties agree governs the Contract, a writing's ambiguity is a question of law to be resolved by the courts "'by looking within the four corners of the document, not to outside sources.'" Lockheed Martin Corp. v. Retail Holdings, N.V., 639 F.3d 63, 69 (2d Cir. 2011) (quoting Kass v. Kass, 91 N.Y.2d 554, 566, 673 N.Y.S.2d 350 (1998)). A contract is unambiguous if the language used "has a definite and precise meaning, as to which there is no reasonable basis for a difference of opinion." Id. (citing White v. Cont'l Cas. Co., 9 N.Y.3d 264, 848 N.Y.S.2d 603(2007)). Conversely, contract language is ambiguous "if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." Id.

Focusing on different language in ¶ 33(2), the parties advance equally plausible but conflicting constructions. Plaintiffs argue that the requirement for "a common owner of record" is satisfied if the lots share any one common owner. Meanwhile, defendants maintain that ¶ 33(2) contemplates that the owner of the two lots will be identical in all respects, because it states that the lots "shall be owned by a common owner of record." See Appellee Br. at 17 ("By [] using the phrase 'shall be owned by,' the paragraph states a condition of ownership of the lots: the only person who can own that land shall be a common owner."). While defendants' argument is plausible, we depart from the district in not deeming it conclusive as a matter of law. Certainly, the language does not clearly state that the lots "shall be owned by identical owners of record."

4

Plaintiffs argue that any ambiguity in ¶ 33(2) should be resolved in their favor by the New York rule of construction instructing that "[w]here the language used in a restrictive covenant is equally susceptible to two interpretations, the less restrictive interpretation must be adopted." Ewing v. Watson, 15 A.D.3d 340, 343, 790 N.Y.S.2d 40 (2d Dep't 2005). In fact, New York applies this rule only after examining extrinsic evidence of the parties' intent. See Jennings Beach Assn. v. Kaiser, 145 A.D.2d 607, 608, 536 N.Y.S.2d 143 (2d Dep't 1988) (adopting more restrictive interpretation of covenant after examining parties' intent); Rydberg v. Jennings Beach Assn., 69 A.D.2d 816, 817, 414 N.Y.S.2d 744 (2d Dep't 1979), aff'd, 49 N.Y.2d 934, 428 N.Y.S.2d 676 (1980) (same). Thus, if extrinsic evidence clearly reveals the intent of the parties to be governed by the more restrictive meaning of a covenant, that intent will control. See Birch Tree Partners, LLC v. Windsor Digital Studio, LLC, 95 A.D.3d 1154, 1155, 954 N.Y.S.2d 162 (2d Dep't 2012) (holding that rule requiring restrictive covenants to be strictly construed "is subject to the general rule of construction that the intent of the parties is the paramount consideration." (internal quotation marks omitted)). But where the meaning of a covenant remains ambiguous even in light of the extrinsic evidence, New York's rule of construction provides for adoption of the interpretation that is least restrictive of use and alienability of the property. See Witter v. Taggart, 78 N.Y.2d 234, 237, 573 N.Y.S.2d 146 (1991) ("[T]he law has long favored free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them."); Rowe v. Great Atl. & Pac. Tea Co., 46 N.Y.2d 62, 69, 412 N.Y.S.2d 827 (1978) (Because "restraints on the free alienation of land . . . tend to prevent full utilization of the

5

land" and are "contrary to the best interests of society," "such covenants are to be construed strictly even if expressly stated."). Thus, while we hesitate to prolong this litigation, given that the parties' intent is paramount, and in light of the conflicting extrinsic evidence of intent in the record, New York's rule of construction cannot be applied in this case until the extrinsic evidence has been evaluated in the district court.

Accordingly, the judgment of the district court is VACATED, and the case is REMANDED for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court