# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1380**

**CA 13-00642**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

IRA HALFOND, ARTHUR T. LYNCH, SANDRA KNOBLOCK,
PAUL J. BULINSKI, JOHN J. GRECO AND DONNA M.
LAWRENCE, ADJACENT UPLAND LAND OWNERS,
PLAINTIFFS-RESPONDENTS,

V                                              MEMORANDUM AND ORDER

WHITE LAKE SHORES ASSOCIATION, INC.,
DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

GORMAN, WASZKIEWICZ, GORMAN & SCHMITT, UTICA (WILLIAM P. SCHMITT OF
COUNSEL), FOR DEFENDANT-APPELLANT.

LAW OFFICES OF IRA HALFOND, P.C., CRARYVILLE (IRA HALFOND OF COUNSEL),
PLAINTIFF-RESPONDENT PRO SE, AND FOR ARTHUR T. LYNCH, SANDRA KNOBLOCK,
PAUL J. BULINSKI, JOHN J. GRECO AND DONNA M. LAWRENCE, ADJACENT UPLAND
LAND OWNERS, PLAINTIFFS-RESPONDENTS.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered July 9, 2012. The order, inter alia, granted that part of the motion of plaintiffs for an order adjudging defendant in contempt for violating orders from 1981 and 1982; granted the cross motion of plaintiffs seeking summary judgment on the complaint and seeking dismissal of the counterclaims; and denied the cross motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiffs' motion in its entirety and vacating the first and second ordering paragraphs, and denying that part of plaintiffs' cross motion seeking summary judgment, and plaintiffs are directed to join as parties Forestville Fire Fighters, Inc. and Woodgate Volunteer Fire Department, Inc., and as modified the order is affirmed without costs.

Memorandum: Defendant owns a parcel of vacant land situated in Oneida County between White Lake and Route 28 that includes an area known as Beach A. Plaintiffs own property within a 400-acre tract adjacent to White Lake. By virtue of certain covenants, restrictions, and easements running in their favor, plaintiffs enjoy rights of access to White Lake over Beach A. Plaintiffs commenced the instant action after defendant erected a structure on Beach A. Plaintiffs alleged, inter alia, that the structure violates covenants prohibiting

the erection or maintenance of a fence without their written consent, and the obstruction of any established roads or trails without their permission.  Plaintiffs further alleged that the structure violates their rights of access to White Lake over Beach A.  According to defendant, it erected a gate, not a fence, on Beach A, and it denied that the gate obstructs any roads or trails or impairs plaintiffs' rights of access to White Lake.

In appeal No. 1, defendant appeals from an order that, inter alia, granted that part of plaintiffs' motion seeking an order adjudging defendant in contempt for violating orders from 1981 and 1982 concerning Beach A; granted plaintiffs' cross motion seeking summary judgment on the causes of action in the complaint and, specifically, removal of the structure, and seeking dismissal of defendant's counterclaims; and denied defendant's cross motion seeking summary judgment dismissing the complaint.  In appeal No. 2, defendant appeals from a judgment awarding attorney fees and expenses to plaintiffs.

We reject defendant's contention in appeal No. 1 that Supreme Court erred in denying its cross motion inasmuch as we conclude that defendant failed to establish its entitlement to judgment as a matter of law (*see generally* CPLR 3212 [b]).  We agree with defendant, however, that the court erred in granting that part of plaintiffs' motion seeking an order adjudging defendant in contempt of the 1981 and 1982 orders.  We therefore modify the order in appeal No. 1 accordingly.  "To succeed on a motion to punish for civil contempt, the moving party must show that the alleged contemnor violated a clear and unequivocal court order and that the violation prejudiced a right of a party to the litigation" (*Giano v Ioannou*, 41 AD3d 427, 427; *see* Judiciary Law § 753 [A] [3]).  "Contempt should not be granted unless the order or judgment allegedly violated is clear and explicit and unless the act complained of is clearly proscribed" (*Aison v Hudson Riv. Black Riv. Regulating Dist.*, 54 AD3d 457, 458).  Here, neither of the prior orders contains a clear mandate proscribing the erection of the structure at issue, and plaintiffs failed to establish that defendant's conduct prejudiced their rights (*see Ketchum v Edwards*, 153 NY 534, 539-540).  In view of that determination, we further conclude that the court erred in granting that part of plaintiffs' cross motion seeking summary judgment on the third cause of action, which alleges that defendant is in violation of the 1981 and 1982 orders.  We therefore further modify the order in appeal No. 1 accordingly.  Inasmuch as the court's finding of contempt is erroneous, we conclude that plaintiffs are not entitled to attorney fees flowing from defendant's allegedly contemptuous conduct, and we therefore vacate the judgment in appeal No. 2 awarding such fees (*see Moore v Davidson*, 57 AD3d 862, 863).

We further agree with defendant in appeal No. 1 that the court erred in granting that part of plaintiffs' cross motion seeking summary judgment on the first cause of action, which alleges that defendant violated the covenants prohibiting erection and maintenance of a fence and obstruction of established roads or trails, and the

second cause of action, which alleges that defendant interfered with plaintiffs' rights of access to White Lake.  The law favors the free and unrestricted use of real property, and therefore covenants restricting such use are strictly construed against those seeking to enforce them (*see Huggins v Castle Estates*, 36 NY2d 427, 430; *Ludwig v Chautauqua Shore Improvement Assn.*, 5 AD3d 1119, 1120, *lv denied* 3 NY3d 601).  Plaintiffs, as the parties seeking to enforce the covenants at issue, were required to "prove, by clear and convincing evidence, the scope . . . of the restriction" (*Greek Peak v Grodner*, 75 NY2d 981, 982).  In addition, "where the language used in a restrictive covenant is equally susceptible of two interpretations, the less restrictive interpretation must be adopted" (*Ludwig*, 5 AD3d at 1120).  Viewing the language of the covenants in light of those rules, we conclude that plaintiffs failed to establish that the structure erected by defendant violates the covenant prohibiting erection or maintenance of a fence (*see generally Huggins*, 36 NY2d at 430; *Liebowitz v Forman*, 22 AD3d 530, 531).  We further conclude that plaintiffs failed to establish that the structure violates the covenant prohibiting the obstruction of established trails or roads or otherwise interferes with plaintiffs' rights of access to White Lake (*see Sargent v Brunner Housing Corp.*, 31 AD2d 823, 823-824, *affd* 27 NY2d 513; *Mester v Roman*, 25 AD3d 907, 908; *see generally Lewis v Young*, 92 NY2d 443, 449-450).  Rather, triable issues of fact remain whether the covenants at issue were intended to prohibit the structure in question and thus whether defendant violated those covenants (*see Brill v Brill*, 108 NY 511, 516; *Birch Tree Partners, LLC v Windsor Digital Studio, LLC*, 95 AD3d 1154, 1156; *Melrose Waterway v Peacock*, 229 AD2d 1000, 1001).  We therefore further modify the order in appeal No. 1 accordingly.

We agree with defendant with respect to appeal No. 1 that Forestport Firefighters, Inc. (Forestport) and Woodgate Volunteer Fire Department, Inc. are necessary parties to this action by virtue of the easement across Beach A that was granted to Forestport for firefighting purposes in the 1982 order (*see* CPLR 1001 [a]; *Loree v Barnes*, 59 AD3d 965, 965; *Hitchcock v Boyack*, 256 AD2d 842, 844).  We therefore further modify the order in appeal No. 1 by directing plaintiffs to join those parties to this action (*see Sorbello v Birchez Assoc., LLC*, 61 AD3d 1225, 1226; *Dunkin Donuts of N.Y., Inc. v Mid-Valley Oil Co.*, 14 AD3d 590, 592).  Finally, we note that defendant raises no contentions in its brief concerning that part of the order granting plaintiffs' cross motion to the extent that it sought dismissal of the counterclaims, and thus defendant has abandoned any such contentions (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Entered:  February 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court