Birch Tree Partners, LLC v Windsor Digital Studio, LLC (2021 NY Slip Op 06148)





Birch Tree Partners, LLC v Windsor Digital Studio, LLC


2021 NY Slip Op 06148


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-04875
 (Index No. 1350/10)

[*1]Birch Tree Partners, LLC, appellant,
v
Windsor Digital Studio, LLC, respondent.


Matthews, Kirst & Cooley, PLLC (Profeta & Eisenstein, New York, NY [Fred R. Profeta, Jr.], of counsel), for appellant.
Esseks, Hefter, Angel, Di Talia & Pasca, LLP, Riverhead, NY (Anthony C. Pasca, Patricia M. Carroll, and Amanda Star Frazer of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for injunctive relief based on alleged violations of a restrictive covenant, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated February 2, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action and granted that branch of the defendant's cross motion which was for summary judgment dismissing the second cause of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's cross motion which was for summary judgment dismissing the second cause of action, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The parties own abutting properties in Amagansett. By deed dated October 18, 1956, a small portion of land along the common border of the properties was sold by the plaintiff's predecessor to the defendant's predecessor (hereinafter the subject strip). The deed contained a restrictive covenant providing: "no desirable trees or vegetation shall be removed from the strip or parcel in the manner which would injure the appearance of the said strip or parcel and detract from its use as a screen between premises."
The plaintiff commenced this action after the defendant removed trees and other vegetation from the subject strip and planted a privet hedge in the same area. In the second cause of action, the plaintiff sought damages for diminution in value related to the removal of trees and vegetation, to permanently enjoin the defendant from removing any additional trees or vegetation from the subject strip, and to require the defendant to restore the subject strip to its previous state. Prior to discovery, the defendant moved, inter alia, for summary judgment dismissing the second cause of action. The Supreme Court, among other things, denied that branch of the motion, and this Court affirmed that determination, concluding that the restrictive covenant was ambiguous and that triable issues of fact existed as to the intentions of the original parties to the restrictive covenant (see Birch Tree Partners, LLC v Windsor Digital Studio, LLC, 95 AD3d 1154).
After the completion of discovery, the plaintiff moved, inter alia, for summary judgment on the second cause of action, and the defendant cross-moved, among other things, for summary judgment dismissing that cause of action. In an order dated February 2, 2018, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action and granted that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action. The plaintiff appeals.
As a general rule, restrictive covenants "are strictly construed against those seeking to enforce them" (Witter v Taggart, 78 NY2d 234, 237; see Birch Tree Partners, LLC v Windsor Digital Studio, LLC, 95 AD3d at 1155). However, this rule of strict construction is "subject to the general rule of construction that the intent of the parties is the paramount consideration" (Rydberg v Jennings Beach Assn., 69 AD2d 816, 817, affd 49 NY2d 934; see Birch Tree Partners, LLC v Windsor Digital Studio, LLC, 95 AD3d at 1155).
Here, on the instant motion and cross motion, both parties failed to eliminate the triable issues of fact identified by this Court in its prior decision concerning the intent of the original parties to the restrictive covenant (see Birch Tree Partners, LLC v Windsor Digital Studio, LLC, 95 AD3d at 1156). As those issues can only be resolved by a trier of fact, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the second cause of action and should have denied that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action.
In light of our determination, the plaintiff's remaining contentions need not be reached.
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court