Baldo v McDonald (2025 NY Slip Op 05373)

Baldo v McDonald

2025 NY Slip Op 05373

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

656 CA 24-01172

[*1]ANGELA BALDO, PLAINTIFF-APPELLANT,

v

JOHN M. MCDONALD, MICHAEL D. TEAL, AND KIMBERLY TEAL, DEFENDANTS-RESPONDENTS. (APPEAL NO. 2.)

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR PLAINTIFF-APPELLANT.

SCHWERZMANN & WISE, P.C., WATERTOWN (KEITH B. CAUGHLIN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

Appeal from a judgment of the Supreme Court, Lewis County (James P. McClusky, J.), entered March 7, 2024, in an action pursuant to RPAPL article 15. The judgment, inter alia, determined that defendants are entitled to free and reasonable use of a right-of-way over plaintiff's property.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In this RPAPL article 15 action, plaintiff sought a judgment that John M. McDonald, Michael D. Teal, and Kimberly Teal (defendants), among others, were required to close and lock a gate on her property, which was subject to a right-of-way allowing defendants a right of ingress and egress. Plaintiff further sought nominal damages for trespass by McDonald in bypassing the gate with snowmobiles or ATVs and a judgment enjoining McDonald and his invitees or other persons claiming under him from future trespass by circumventing the gate. McDonald asserted a counterclaim seeking to enjoin plaintiff from interfering with his right of passage to his property. Plaintiff appeals from a judgment entered upon a nonjury verdict determining that plaintiff was prohibited from locking the gate and from requiring defendants to shut and lock the gate and directing plaintiff not to interfere with defendants' use of the right-of-way.

In an appeal from a nonjury civil trial, "the Appellate Division has 'authority . . . as broad as that of the trial court . . . and . . . may render the judgment it finds warranted by the facts' " (Sweetman v Suhr, 159 AD3d 1614, 1615 [4th Dept 2018], lv denied 31 NY3d 913 [2018], quoting Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). "Nonetheless, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (Unger v Ganci [appeal No. 2], 200 AD3d 1604, 1605 [4th Dept 2021] [internal quotation marks omitted]; see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992], rearg denied 81 NY2d 835 [1993]). We conclude that a fair interpretation of the evidence supports Supreme Court's determination.

"A right of way along a private road belonging to another person . . . is merely a right to pass with the convenience to which [the easement holders have] been accustomed" (Lewis v Young, 92 NY2d 443, 449 [1998] [internal quotation marks omitted]). "[I]n the absence of a demonstrated intent to provide otherwise, a landowner burdened by an express easement of ingress and egress may narrow it, cover it over, gate it or fence it off, so long as the easement holder[s'] right of passage is not impaired" (id.). The landowner may alter the right-of-way "so [*2]long as the change does not frustrate the parties' intent or object in creating the right of way, does not increase the burden on the easement holder[s], and does not significantly lessen the utility of the right of way" (id. at 452; see Shelmerdine v Myers, 143 AD3d 1200, 1201 [3d Dept 2016], lv denied 29 NY3d 920 [2017], rearg dismissed 30 NY3d 1050 [2018]).

Plaintiff's deed provided that her property was subject to the "rights of others to use the woods road running through the said parcel." Likewise, the easements granted to defendants gave them the right to use the roadway for access to and egress from their properties. The relevant deeds did not specifically set forth the width or boundaries of the easement. The evidence at trial established that it was one of defendants' predecessors, not plaintiff's predecessor, who constructed the gate in the late 1980s and distributed keys to the gate to the other easement holders and, eventually, to plaintiff's predecessor. The evidence at trial further established that, from the time the gate was erected, it was common practice for the easement holders to drive around the locked gate with smaller vehicles, such as snowmobiles and ATVs, and to sometimes leave the gate open or unlocked to allow guests access to defendants' properties.

Once plaintiff purchased her property, she sought to alter the easement by requiring defendants to close the gate and lock it at all times and by prohibiting defendants from circumventing the gate with small vehicles. Plaintiff, however, did not demonstrate a need to close and lock the gate for security (cf. Mester v Roman, 25 AD3d 907, 908 [3d Dept 2006]; see generally Shelmerdine, 143 AD3d at 1201) and did not demonstrate that defendants exceeded the scope of their easements by bypassing the gate on foot and with small vehicles when the gate was locked. Conversely, defendants established that locking the gate at all times and not allowing them to go around the gate with small vehicles would be burdensome and not in accordance with "the convenience to which [they have] been accustomed" (Lewis, 92 NY2d at 449 [internal quotation marks omitted]; see Shelmerdine, 143 AD3d at 1201; Marek v Woodcock, 277 AD2d 864, 866 [3d Dept 2000], lv dismissed 96 NY2d 792 [2001]), as shown by "the conduct of the parties both prior to and subsequent to the grant" of the easement (Lewis, 92 NY2d at 454).

We have considered plaintiff's remaining contention and conclude that it does not warrant modification or reversal of the judgment.

Entered: October 3, 2025

Ann Dillon Flynn

Clerk of the Court