■ MELVYN KAUFMAN, Appellant, v ANNE FASS et al., Respondents. [756 NYS2d 247] —In an action, inter alia, to enforce a restrictive covenant and recover damages for its breach, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 2, 2001, as granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, and denied that branch of his cross motion which was for summary judgment on the first and fifth causes of action in the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Melvyn Kaufman, and the defendants Anne Fass and David Fass own homes in Edgewater Point, a gated residential community located in Mamaroneck, New York. The defendant Edgewater Point Property Owner's Association, Inc. (hereinafter the Association), was formed in or about 1926 to uphold Edgewater Point's character and use as a residential community. All properties in Edgewater Point are subject to certain restrictive covenants, including a covenant which bars premises from being used for "manufactory, trade, or business of any kind." This covenant specifies that "the term 'business' shall be deemed to prohibit the operation or maintenance of a school, hotel or boarding or lodging house." Moreover, "any owner, tenant or occupant of any portion of the property who shall permit paying guests to reside on the premises; or shall house or keep one or more guests for the purpose of making money profit" shall be deemed in violation of the covenant. In the spring of 2000, the Fass defendants entered into a lease to rent their Edgewater Point home for a period of two years. The plaintiff subsequently commenced this action alleging that the Fass defendants violated the covenant against business uses by leasing their home, and that the Association had failed to take any steps to stop the violation. Also included as defendants were the real estate brokers involved in leasing the Fass home.

Contrary to the plaintiff's contention, the Supreme Court properly dismissed the complaint on the ground that the restrictive covenant does not bar an Edgewater Point property owner from leasing his or her home. It is well settled that the law favors the free and unobstructed use of real property (*see Witter v Taggart,* 78 NY2d 234, 237 [1991]; *Huggins v Castle Estates,* 36 NY2d 427, 430 [1975]; *E.M.R. Mgt. Corp. v Halstead Harrison Assoc.,* 299 AD2d 393 [2002]; *Turner v Caesar,* 291 AD2d 650 [2002]; *Thrun v Stromberg,* 136 AD2d 543 [1988]). Accordingly, a restrictive covenant must be strictly construed against those seeking to enforce it, and may not be given an interpretation extending beyond the clear meaning of its terms (*see Witter v Taggart, supra; Huggins v Castle Estates, supra; Thrun v Stromberg, supra*). Moreover, where the language used in a restrictive covenant is equally capable of two interpretations, the interpretation which limits the restriction must be adopted (*see Huggins v Castle Estates, supra; Sunrise Plaza Assoc. v International Summit Equities Corp.,* 152 AD2d 561 [1989]; *Thrun v Stromberg, supra*). Here, the subject covenant prohibits any "owner, tenant or occupant" of premises located in Edgewater Point from operating a boarding or lodging house for paying guests. However, the covenant does not expressly bar a property owner from leasing his or her

home, and, in fact, contemplates the possibility that homes will be leased by barring both tenants and owners from using premises for business purposes. Since all of the plaintiff's claims for damages and injunctive relief are predicated upon the theory that the restrictive covenant bars property owners from leasing their homes, the Supreme Court properly dismissed the complaint for failure to state a cause of action, and denied that branch of the plaintiffs' cross motion which sought summary judgment on the first and fifth causes of action set forth in the complaint. Santucci, J.P., Krausman, Adams and Crane, JJ., concur.