■ Leo Liebowitz et al., Appellants, v Peter Forman et al., Respondents. [802 NYS2d 238]—

In an action, inter alia, to enforce a restrictive covenant, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Covello, J.), dated November 25, 2003, which determined that the trees and shrubs planted by the defendants did not constitute "other physical improvements" within the meaning of the subject restrictive covenant.

Ordered that the order is affirmed, with costs.

The plaintiffs own a residence in Sands Point. The defendants' property abuts the plaintiffs' property to the east. The plaintiffs allege that the defendants planted trees and shrubs which obstruct the plaintiffs' view of the Long Island Sound. By doing so, the plaintiffs assert that the defendants violated a restrictive covenant running with the land which provides, in relevant part, that "[N]o structure, fence, swimming pool, tennis court or other athletic facility, or other physical improvement shall be permitted" in the restricted area therein described.

When a party seeks to enforce a restrictive covenant, it must prove the existence and scope of the covenant by clear and convincing evidence (see *Huggins v Castle Estates*, 36 NY2d 427, 430 [1975]; *E.M.R. Mgt. Corp. v Halstead Harrison Assoc.*, 299 AD2d 393, 394 [2002]; *Bear Mtn. Books v Woodbury Common Partners*, 232 AD2d 595, 596 [1996]). Also, particular deference should be shown to the trial court's determination where, as here, it was based on a finding that the plaintiffs failed to satisfy the "clear and convincing" standard of proof (see *Matter of Poggemeyer*, 87 AD2d 822, 823 [1982]).

Moreover, "the law favors the free and unobstructed use of real property . . . Accordingly, a restrictive covenant must be strictly construed against those seeking to enforce it, and may not be given an interpretation extending beyond the clear meaning of its terms" (*Kaufman v Fass*, 302 AD2d 497, 498 [2003], *cert denied* 540 US 1162 [2004]). "[W]here the language used in a restrictive covenant is equally capable of two interpretations, the interpretation which limits the restriction must be adopted" (*Kaufman v Fass, supra* at 498).

The surrounding circumstances may, at times, become an important consideration in deciphering the intent, and interpret-

ing the scope, of a restrictive covenant (*see e.g. Jennings Beach Assn. v Kaiser*, 145 AD2d 607, 608 [1988]; *Rydberg v Jennings Beach Assn.*, 69 AD2d 816, 817 [1979], *affd* 49 NY2d 934 [1980]). However, in the case at bar, both the language of the restrictive covenant and the surrounding circumstances indicate that the trial court had a sound basis to find that the plaintiffs failed to satisfy their burden of proof. Accordingly, the order should be affirmed. Schmidt, J.P., Adams, Luciano and Rivera, JJ., concur.