STUART D. WECHSLER, Appellant, v FRANK J. GASPARRINI et al., Respondents. [836 NYS2d 673]—

In an action to enforce a restrictive covenant, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 3, 2006, as granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff sold a parcel of vacant property to the defendants. The deed to the property contained a restrictive covenant providing: "Only a ranch-style, single-family, one-storey [sic] home as shown on the survey attached shall be constructed on the premises herein conveyed and the easterly portion of the premises immediately adjacent to the proposed dwelling shall be landscaped so as to adequately screen and buffer the dwelling from the view of the easterly neighbor." The plaintiff owns the home on the property immediately adjacent and to the east of the defendants' property. After the defendants built a home and landscaped the property, the plaintiff commenced this action alleging that they breached the restrictive covenant by, inter alia, building a two-story home without adequate landscaping. The Supreme Court, inter alia, granted the defendants' cross motion for summary judgment dismissing the complaint. We affirm the order insofar as appealed from.

The law has long favored free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them and may not be given an interpretation extending them beyond the clear meaning of their terms (see Witter v Taggart, 78 NY2d 234 [1991]; Liebowitz v Forman, 22 AD3d 530 [2005]). Here, the photographs and other evidence submitted by the defendants were sufficient to demonstrate, prima facie, that their home and landscaping complied with the restrictive covenant. In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contention was not raised before the Supreme Court and, therefore, is not properly before this Court on appeal (see Pierre v Lieber, 37 AD3d 572 [2007]). Fur-

ther, it is not an argument of law which appears on the face of the record and could not have been avoided if it had been raised at the proper juncture (see *Chrostowski v Chow*, 37 AD3d 638 [2007]). Miller, J.P., Ritter, Covello and Balkin, JJ., concur.