In an action, inter alia, for the return of a down payment given pursuant to a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated October 26, 2007, as denied that branch of their cross motion which was for summary judgment on the second cause of action to recover the down payment pursuant to the mortgage contingency clause of the contract and searched the record and awarded summary judgment to the defendant dismissing that cause of action and on the first counterclaim to retain the down payment.
Ordered that the order is modified, on the law and the facts, by deleting the provision thereof which searched the record and awarded summary judgment to the defendant dismissing the second cause of action and on the first counterclaim; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
The plaintiffs (hereinafter the purchasers) entered into a contract with the defendant (hereinafter the seller) to purchase his home and made a down payment in the sum of $25,000. The contract of sale contained a mortgage contingency clause that authorized the purchasers to cancel the contract and obtain a return of their down payment if they were unable to obtain a mortgage commitment within “forty-five days of the date hereof’ (the commitment date). To cancel the contract pursuant to *416 this provision, the purchasers were required to give the seller notice within five business days after the commitment date. The purchasers were unable to obtain a mortgage commitment by the commitment date, and sought to cancel the contract. The sellers, however, refused to refund the down payment.
The purchasers commenced this action, inter alia, for the return of their down payment. They moved for summary judgment, among other things, on the second cause of action to recover the down payment pursuant to the mortgage contingency clause. The purchasers asserted that they were unable to obtain a mortgage commitment that satisfied the contract of sale and that they timely exercised their right to cancel by letter dated March 9, 2006. The purchasers relied on a handwritten provision added to the contract of sale, which stated that “[a] 11 time periods shall run from date Purchasers’ attorney receives 2 fully executed copies of contract.” The purchasers asserted that the March 9, 2006 letter was timely since its timeliness must be measured from the commitment date, as calculated from the date that their attorney received two executed copies of the contract of sale.
In opposition, the seller argued, inter alia, that the March 9, 2006 letter was untimely since its timeliness must be measured from the commitment date, as calculated from the date of the contract of sale. The seller relied on the preprinted language of the mortgage contingency clause, which provided for the calculation of the commitment date from “the date hereof.”
The Supreme Court, among other things, denied that branch of the purchasers’ motion which was for summary judgment on the second cause of action and searched the record and awarded summary judgment to the defendant dismissing that cause of action and on the first counterclaim to retain the down payment. The court held that the commitment date was 45 days after the date of the contract of sale and that, based on that calculation, the cancellation letter dated March 9, 2006 was untimely. We modify.
The preprinted language of the mortgage contingency clause, which the seller relied upon to calculate the commitment date, conflicts with the handwritten language relied upon by the purchasers. However, this conflict is resolved by fundamental principles of contract interpretation, which provide that when a handwritten provision of a contract conflicts with the language of a preprinted form document, the handwritten provision will control, as it is presumed to express the latest intention of the parties (see Kratzenstein v Western Assur. Co. of City of Toronto, 116 NY 54 [1889]; Home Fed. Sav. Bank v Sayegh, 250 AD2d *417 646 [1998]). Thus, here, the purchasers are correct that the commitment date of the mortgage contingency clause was 45 days after the date that their attorney received two executed copies of the contract of sale. However, the purchasers failed to submit competent evidence in admissible form as to such date. Without that date, the timeliness of the purchasers’ letter cannot be determined. Thus, the purchasers failed to demonstrate a prima facie entitlement to judgment as a matter of law on the second cause of action and were properly denied summary judgment on that cause of action.
However, the seller, erroneously relying on the date of the contract of sale to calculate the commitment date, did not present any evidence as to the date that the purchasers’ attorney received two executed copies of the contract of sale. Thus, the Supreme Court erred in searching the record and awarding summary judgment to the defendant dismissing the second cause of action and on the first counterclaim to retain the down payment.
The parties’ remaining contentions are either not properly before this Court on appeal or without merit (see Wechsler v Gasparrini, 40 AD3d 976 [2007]). Lifson, J.E, Ritter, Miller and Balkin, JJ., concur. [See 2007 NY Slip Op 33591(U).]