■ BARBARA KEMP, Respondent, v VILLAGE OF SCARSDALE, Appellant. [897 NYS2d 498]—

In an action for a judgment declaring that the proposed construction of an in-ground swimming pool on the plaintiff's property does not violate a certain restrictive covenant, the defendant appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), entered April 14, 2008, which denied its motion for summary judgment and granted the plaintiff's cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the proposed construction of an in-ground swimming pool on the plaintiff's property does not violate the restrictive covenant at issue.

Since the law favors the free and unobstructed use of real property, a restrictive covenant must be strictly construed against those seeking to enforce it, and may not be given an interpretation extending beyond the clear meaning of its terms (*see Witter v Taggart*, 78 NY2d 234, 237-238 [1991]; *Wechsler v Gasparrini*, 40 AD3d 976 [2007]; *Liebowitz v Forman*, 22 AD3d 530, 531 [2005]; *Kaufman v Fass*, 302 AD2d 497, 498 [2003], cert denied 540 US 1162 [2004]). " '[W]here the language used in a restrictive covenant is equally capable of two interpretations, the interpretation which limits the restriction must be adopted' " (*Liebowitz v Forman*, 22 AD3d at 531, quoting *Kaufman v Fass*, 302 AD2d at 498). Here, the plaintiff established her prima facie entitlement to judgment as a matter of law, as the plain language of the restrictive covenant at issue did not reveal an intent to preclude her proposed use of the property. In opposition, the defendant Village of Scarsdale failed to raise a

triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the proposed construction of an in-ground swimming pool on the plaintiff's property does not violate the restrictive covenant at issue (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.