■ BETH FORD et al., Appellants-Respondents, v DAVID FINK et al., Respondents-Appellants. [924 NYS2d 94]—

In an action, inter alia, for a judgment declaring that the planting of a row of trees on the defendant's property violates a restrictive covenant in a deed to that property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered January 29, 2010, as granted those branches of the defendants' motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first, second, third, fifth, sixth, seventh, eighth, ninth, and tenth causes of action in the amended complaint, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion pursuant to CPLR 3211 (a) (7) which was to dismiss the fourth cause of action in the amended complaint.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' motion pursuant to CPLR 3211 (a) (7) which were to dismiss the first and ninth causes of action and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must " 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Sokol v Leader*, 74 AD3d 1180, 1181 [2010], quoting *Nonnon v City of New York*, 9 NY3d 825, 827 [2007]; *see Gershon v Goldberg*, 30 AD3d 372, 373-374 [2006]).

The Supreme Court erred in dismissing the first cause of action, seeking a judgment declaring that the defendants violated a restrictive covenant, the terms of which were incorporated into the amended complaint, barring them from erecting on their property any "hedge" exceeding five feet in height, and related injunctive relief. Because "the law favors the free and unobstructed use of real property," a restrictive covenant "must be strictly construed against those seeking to enforce it, and may not be given an interpretation extending beyond the clear meaning of its terms" (*Kaufman v Fass*, 302 AD2d 497, 498 [2003], *cert denied* 540 US 1162 [2004]; *see Premium Point Park Assn. v Polar Bar, Inc.*, 306 NY 507, 512 [1954]; *Thrun v Stromberg*, 136 AD2d 543, 544 [1988]). However, the application of this rule "is subject to the general rule of construction that the intent of the parties is the paramount consideration" (*Ryd-*

*berg v Jennings Beach Assn.*, 69 AD2d 816, 817 [1979], *affd* 49 NY2d 934 [1980]; *see Bovin v Galitzka*, 250 NY 228 [1929]; *Jennings Beach Assn. v Kaiser*, 145 AD2d 607, 608 [1988]). Here, the plaintiffs alleged, as supplemented by affidavits (*see Sokol Leader*, 74 AD3d at 1181), that the defendants planted 54 cypress trees, in a dense linear formation along the boundary line between the plaintiffs' and the defendants' properties, which have grown to become intertwined and stand at a height of 15 to 20 feet. These allegations adequately state a cause of action for a judgment declaring that the defendants violated the restrictive covenant barring hedges exceeding five feet in height, and for related injunctive relief.

However, the Supreme Court correctly granted that branch of the defendants' motion which was to dismiss the second cause of action alleging that the defendants violated a restrictive covenant, the terms of which were incorporated into the amended complaint, barring them from erecting a fence exceeding five feet in height. Under the strict construction afforded to restrictive covenants, the covenant barring fences cannot, as a matter of law, reasonably be interpreted to prohibit the planting of a row of trees, particularly in light of the separate inclusion in the covenant of a restriction against hedges (*cf. Liebowitz v Forman*, 22 AD3d 530 [2005]).

Similarly, that branch of the defendants' motion which was to dismiss the fifth cause of action alleging that the placement of the row of trees violated the term of the restrictive covenant prohibiting "any noxious, noisy, dangerous or offensive thing, trade or business or use of the property" was properly granted, as this covenant, interpreted with reference to the particular "noxious, noisy, dangerous or offensive" uses enumerated therein, cannot, as a matter of law, reasonably be construed to prohibit the planting of trees (*cf. Matter of Perrin v Bayville Vil. Bd.*, 70 AD3d 835 [2010]; *Herald Sq. S. Civic Assn. v Consolidated Edison Co. of N.Y.*, 307 AD2d 213, 213-214 [2003]; *Romano v Greenwald*, 254 App Div 782, 782-783 [1938]).

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the sixth cause of action alleging trespass, as the plaintiffs failed to allege that the defendants willfully allowed their trees to grow over the property line or bend over onto the plaintiff's property (*see Ivancic v Olmstead*, 66 NY2d 349 [1985], *cert denied* 476 US 1117 [1986]; *Turturro v Squatrito*, 52 AD3d 693 [2008]; *Kulpa v Stewart's Ice Cream*, 144 AD2d 205 [1988]; *Turner v Coppola*, 102 Misc 2d 1043, 1047 [1980], *affd* 78 AD2d 781 [1980]). The seventh cause of action, asserted under RPAPL 843, failed to state a cause of

action, as the row of trees is not a "fence" within the meaning of RPAPL 843 (*see Downe v Rothman*, 215 AD2d 716 [1995]).

The Supreme Court properly granted that branch of the defendants' motion which was to dismiss the eighth cause of action alleging that the defendants' row of trees violates Code of Village of Sleepy Hollow § 62-13 (F) (1) prohibiting a "wall or open or solid fence" exceeding three feet in height in the front yard. Construing this zoning code provision strictly, and according the words their ordinary meaning (*see FGL & L Prop. Corp. v City of Rye*, 66 NY2d 111, 115 [1985]; *Matter of Baker v Town of Islip Zoning Bd. of Appeals*, 20 AD3d 522, 524 [2005]), the row of trees cannot, as a matter of law, reasonably be construed to constitute a "wall or open or solid fence" (Code of Village of Sleepy Hollow § 62-13 [F] [1]). However, the ninth cause of action, alleging that the row of trees violates Code of Village of Sleepy Hollow § 41A-2 (F), which requires that "[h]edges and shrubs shall be kept pruned or trimmed," states a cause of action for declaratory and injunctive relief. Therefore, the Supreme Court erred in granting that branch of the defendants' motion which was to dismiss this cause of action.

The plaintiffs' tenth cause of action alleging prima facie tort failed to state a cause of action because the plaintiffs did not allege that disinterested malevolence was the sole motivation for the conduct of which they complain (*see Curiano v Suozzi*, 63 NY2d 113, 117 [1984]; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 332 [1983]; *EECP Ctrs. of Am. v Vasomedical, Inc.*, 265 AD2d 372 [1999]).

Contrary to the defendants' contention, the plaintiffs adequately pleaded the fourth cause of action alleging private nuisance (*see generally Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 569 [1977]; *cf. Weinberg v Lombardi*, 217 AD2d 579 [1995]).

The plaintiffs' remaining contention is without merit. Skelos, J.P., Belen, Lott and Cohen, JJ., concur.