Tedeschi v Hopper (2018 NY Slip Op 08401)





Tedeschi v Hopper


2018 NY Slip Op 08401


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

526431

[*1]FREDERICK C. TEDESCHI, Appellant,
v
MICHAEL C. HOPPER et al., Respondents.

Calendar Date: October 18, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Mazzotta & Vagianelis, PC, Albany (John N. Vagianelis of counsel), for appellant.
McPhillips Fitzgerald & Cullum LLP, Glens Falls (Eric C. Schwenker of counsel), for respondents.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Supreme Court (Muller, J.), entered August 24, 2017 in Warren County, which, among other things, granted defendants' cross motion for summary judgment dismissing the complaint.
Plaintiff and defendants own property in the Shore Colony on Assembly Point, a community that was created as part of a common scheme, located on Lake George in the Town of Queensbury, Warren County. Plaintiff's and defendants' deeds include, in addition to their respective parcels, an undivided one one-hundredth interest in the beach, boardwalk and main dock, as shown on the 1957 revised map of the Shore Colony, "excepting and reserving 'Boat Slips' and 'Finger Docks' and the use thereof." The parties' undivided interests in the beach, boardwalk and main dock are subject to a restrictive covenant that limits the use of those areas to bathing and beach purposes and prohibits the undivided owners from erecting or moving any building or obstruction on the premises or partitioning the premises. In addition, defendants — unlike plaintiff — have a deeded right to dock a boat at a particular boat slip on the main dock, together with an undivided one-half interest in the finger dock attached to and extending from the main dock.
In October 2015, defendants applied for a permit to modify their existing articulating dock by erecting a wood frame support to the existing dock post, which includes a 37-inch header and a stainless steel I-bolt at the center of the header to support a one ton chain fall, so as to allow the articulating dock to be lifted out of the water during the winter months at an angle of no more than 45 degrees and a height of no more than 16 feet. During boating season, defendants' articulating dock functions as an ordinary finger dock and, as represented in their permit application, the wood frame support would be put in place after Labor Day and removed before Memorial Day. In November 2015, the Lake George Park Commission (hereinafter LGPC) granted defendants' application and issued defendants a permit to erect a temporary post support frame for their articulating dock in accordance with their submitted plans.
Thereafter, plaintiff commenced a hybrid CPLR article 78 proceeding and declaratory judgment action against defendants and LGPC, seeking, among other relief, a declaration that the temporary post support frame for defendants' articulating dock violates the restrictive covenant governing plaintiff's and defendants' deeded interests in the beach, boardwalk and main dock. Defendants answered and asserted various affirmative defenses, while LGPC moved pre-answer to, among other things, dismiss the claims against it. Supreme Court converted that part of the petition/complaint seeking relief against LGPC into a CPLR article 78 proceeding, granted LGPC's motion to dismiss and converted the remaining claims against defendants to a declaratory judgment action [FN1]. Plaintiff subsequently moved for summary judgment on his claims against defendants, who, in turn, cross-moved for summary judgment dismissing the complaint. Supreme Court ultimately denied plaintiff's motion, granted defendants' cross motion and dismissed the complaint. Plaintiff now appeals.
We agree with Supreme Court that defendants were entitled to summary judgment dismissing the complaint. Because "the law has long favored free and unencumbered use of real property,
. . . covenants restricting use are strictly construed against those seeking to enforce them" (Witter v Taggart, 78 NY2d 234, 237 [1991]; see Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC, 91 AD3d 1155, 1156 [2012], lv denied 19 NY3d 802 [2012]) and "may not be given an interpretation extending beyond the clear meaning of [their] terms" (Kaufman v Fass, 302 AD2d 497, 498 [2003], lv denied 100 NY2d 512 [2003], cert denied 540 US 1162 [2004]). The party seeking to enforce a restrictive covenant bears the burden of establishing its applicability by clear and convincing evidence (see Dever v DeVito, 84 AD3d 1539, 1542 [2011], lv dismissed 18 NY3d 864 [2012], lv denied 21 NY3d 861 [2013]; Van Schaick v Trustees of Union Coll., 285 AD2d 859, 862 [2001], lv denied 97 NY2d 607 [2001]).
The restrictive covenant at issue here states that the "undivided one-one hundredth part . . . shall be owned in connection with the ownership of one or more of the lots on [the 1957 revised map of the Shore Colony] and used only for bathing and beach purposes in common with other undivided owners thereof and [that the undivided owners] shall not erect or move any building or obstruction on said premises or partition same by action or otherwise." By its plain language, the restrictive covenant prohibits, as relevant here, defendants from erecting any "obstruction" on the main dock [FN2]. We agree with Supreme Court that, "absent other language in the document indicating an intent for a more expansive use of the term obstruction, such term in a covenant generally connotes an intent to prohibit the placing of barriers that might restrict the free flow or movement over the relevant area" (Matter of Tedeschi v Lake George Park Commn., 50 Misc 3d 1215[A], 2017 NY Slip Op 51001[U], *3 [Sup Ct, Warren County 2017]; see Sunrise Plaza Assoc. v International Summit Equities Corp., 152 AD2d 561, 561 [1989], lv denied 75 NY2d 703 [1990]; Black's Law Dictionary [10th ed 2014], obstruction)[FN3]. Defendants' submissions establish that the temporary post support frame attaches to the existing dock posts on the side of the main dock and does not in any way prevent the free flow of movement over the walking area of the main dock. Significantly, the boat slips and finger docks attached to the main dock, including those owned by defendants, are expressly excepted from plaintiff's undivided ownership interest in the beach, boardwalk and main dock. Given such exception, it is evident that, at the time that the undivided ownership interests in the beach, boardwalk and main dock [*2]were created as part of a common scheme, it was contemplated that the finger docks would be attached to the main dock and that the manner of attachment would not constitute an obstruction under the restrictive covenant (see generally Kaufman v Fass, 302 AD2d at 498-499). Based on the foregoing, defendants demonstrated that their temporary post support frame did not violate the restrictive covenant's prohibition against obstructions on the beach, boardwalk and main dock and, thus, they established their prima facie entitlement to summary judgment dismissing the complaint (see Wechsler v Gasparrini, 40 AD3d 976, 976 [2007]; compare Faler v Haines, 104 AD3d 1120, 1121 [2013]).
Plaintiff's submissions fail to establish by clear and convincing evidence that the restrictive covenant prohibited defendants' temporary post support frame or otherwise raise a question of fact as to the applicability of the restrictive covenant. Plaintiff's evidence did not establish that the temporary post support frame obstructed his use of the beach, boardwalk or main dock in any way. Additionally, his assertion that the temporary post support frame weakened or compromised the main dock was unsubstantiated. Furthermore, plaintiff's undivided ownership interest in the beach, boardwalk and main dock, as limited by the restrictive covenant, does not grant plaintiff — or any of the other undivided owners — an easement for light and air over the main dock (see generally Winston v 524 W. End Ave., Inc., 233 App Div 5, 7, 9-10 [1931]; compare Witter v Taggart, 78 NY2d at 237). In short, plaintiff's submissions failed to establish the applicability of the restrictive covenant by clear and convincing evidence or raise a question of fact as to its applicability (see Wechsler v Gasparrini, 40 AD3d at 976; compare Melrose Waterway v Peacock, 229 AD2d 1000, 1001 [1996]). Accordingly, Supreme Court properly granted defendants' cross motion for summary judgment dismissing the complaint.
Egan Jr., J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: The caption of this action has been amended to reflect that LGPC is no longer a party.

Footnote 2: Plaintiff does not argue that defendants' temporary post support frame for their articulating dock constitutes a "building" under the restrictive covenant. In any case, Supreme Court properly found that the temporary post support frame is not a building within the plain meaning of that term (see Black's Law Dictionary [10th ed 2014], building).

Footnote 3: We do not find the term "obstruction" to be ambiguous in the context of the restrictive covenant at issue on appeal (compare Birch Tree Partners, LLC v Windsor Digital Studio, LLC, 95 AD3d 1154, 1156 [2012]).