Matter of Gedney Assn., Inc. v Common Council of the City of White Plains (2022 NY Slip Op 06005)

Matter of Gedney Assn., Inc. v Common Council of the City of White Plains

2022 NY Slip Op 06005

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2018-11142
 (Index Nos. 3084/17, 51577/18)

[*1]In the Matter of Gedney Association, Inc., et al., petitioners/plaintiffs, 
v
Common Council of the City of White Plains, et al., respondents/defendants. (Matter No. 1)
Claudia G. Jaffe, et al., appellants, et al., plaintiff,
v
French-American School of New York, Inc., etc., respondent. (Matter No. 2)

Claudia G. Jaffe, White Plains, NY, appellant pro se and for appellant Aaron D. Jaffe, Pollock & Maguire, LLP, White Plains, NY (Theresa N. Maguire pro se of counsel), for appellant Kevin G. Maguire, Louis M. Petralia, White Plains, NY, appellant pro se, and Ralph Reda, White Plains, NY, for appellant Florence Reda (one brief filed).
Zarin & Steinmetz, White Plains, NY (Michael D. Zarin, Daniel M. Richmond, and Kate Roberts of counsel), for respondent.

DECISION & ORDER
In an action for a judgment declaring that a restrictive covenant in a certain deed bars the defendant from operating an educational institution on certain land, and a permanent injunction enjoining the defendant and its successors and assigns from using certain premises in any way that would violate the subject restrictive covenant, and a related hybrid proceeding and action, Claudia G. Jaffe, Aaron D. Jaffe, Theresa N. Maguire, Kevin G. Maguire, Louis M. Petralia, and Florence Reda, the plaintiffs in Matter No. 2, appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated August 24, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant in Matter No. 2 which was pursuant to CPLR 3211(a) to dismiss the complaint in Matter No. 2.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the cause of action for declaratory relief, and adding thereto a provision deeming that branch of the motion to be for a judgment declaring that the subject restrictive covenant does not bar the defendant from operating an educational institution on the subject land, and thereupon granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment in Matter No. 2 in accordance herewith.
In 2011, the defendant, French-American School of New York, Inc. (hereinafter [*2]FASNY), an educational institution operating as a not-for-profit corporation, purchased an approximately 130-acre property located in the City of White Plains from nonparty Ridgeway Country Club. Thereafter, that same year, FASNY submitted to the City a special permit and site plan application, proposing to build and operate a private school and campus on a portion of the subject property. The application underwent approximately seven years of review by the City, including a review pursuant to the State Environmental Quality Review Act, with the City's Common Council acting as lead agency. FASNY's application was eventually approved by the City, with various modifications, in November 2017.
In February 2018, the plaintiffs, consisting of several owners of private single-family homes located near the subject property, commenced an action seeking a judgment declaring that a restrictive covenant running with the land contained in a deed (hereinafter the 1925 deed) within the chain of title for the subject property bars FASNY from operating an educational institution on the subject property. The restrictive covenant at issue states, in pertinent part, that:
"neither the grantee nor its successors or assigns, shall at any time hereafter erect, make, carry on, suffer or permit any manner upon any portion of the premises hereby conveyed, any brewery, distillery, dram shop, saloon, bar room or other place for the manufacture or sale of intoxicating or spirituous liquors (except to the extent that the sale of liquors may at any time be lawful in connection with the operation of a golf club), or any hospital or sanatorium, or any institution, other than a club, or any asylum, or any charitable or public home or refuge or any noxious, offensive, undesirable or dangerous trade, manufactory or occupation or any nuisance whatsoever" (emphasis added).
The plaintiffs also asserted a cause of action for related permanent injunctive relief.
FASNY moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the complaint, contending that the phrase "or any institution," relied upon by the plaintiffs, does not bar it from operating the educational institution approved by the City. The plaintiffs opposed the motion. In an order dated August 24, 2018, the Supreme Court, inter alia, granted that branch of FASNY's motion. This appeal ensued.
A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) on the ground that a defense is founded on documentary evidence may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law (see Goshen v Mutual Life Ins. Co. of NY, 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88; Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714; Bonavita v Government Empls. Ins. Co., 185 AD3d 892). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Bath & Twenty, LLC v Federal Sav. Bank, 198 AD3d 855 [internal quotation marks omitted; emphasis added]; see JPMorgan Chase Bank, N.A. v Klein, 178 AD3d 788, 790).
"Restrictive covenants will be enforced when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy" (Chambers v Old Stone Hill Rd. Assoc., 1 NY3d 424, 431). Nonetheless, "[i]t is well settled that the law favors the free and unobstructed use of real property" (Kaufman v Fass, 302 AD2d 497, 498). "Accordingly, a restrictive covenant must be strictly construed against those seeking to enforce it, and may not be given an interpretation extending beyond the clear meaning of its terms" (id. at 498; see Ford v Fink, 84 AD3d 725, 726). "A covenant is ambiguous when it is capable of more than one interpretation or, in other words, when it does not unequivocally prohibit a use" (Rautenstrauch v Bakhru, 64 AD3d 554, 555). Under such circumstances, "where the language used in a restrictive covenant is equally capable of two interpretations, the interpretation which limits the restriction must be [*3]adopted" (Kaufman v Fass, 302 AD2d at 498; see Kemp v Village of Scarsdale, 71 AD3d 956, 956). "Whether or not a writing is ambiguous is a question of law to be resolved by the court" (9394 LLC v Farris, 10 AD3d 708, 709-710).
Here, the documentary evidence submitted by FASNY, including the 1925 deed, conclusively established that the operative language in the restrictive covenant relied upon by the plaintiffs, "or any institution," is capable of more than one interpretation, including the interpretation advocated by the plaintiffs that is broad enough to bar FASNY's use of the property for educational purposes, and the interpretation advocated by FASNY that does not bar such use, given the absence of any specific prohibition against operating a private school campus on the subject property and the nature of the specifically identified prohibited uses of the subject property preceding and following "or any institution." Accordingly, under these circumstances, the Supreme Court correctly adopted the interpretation advanced by FASNY that limits the subject restriction.
Nevertheless, the Supreme Court improperly granted the branch of FASNY's motion which was to dismiss the cause of action for declaratory relief merely because the plaintiffs were not entitled to the declaration they sought (see Lanza v Wagner, 11 NY2d 317, 334). "Since the record before the Supreme Court was sufficient to resolve all issues of fact such that the rights of the parties can be determinated as a matter of law" (11 King Ctr. Corp. v City of Middletown, 115 AD3d 785, 787), the court should have deemed that branch of the motion to be for a judgment declaring that the restrictive covenant does not bar the defendant from operating an educational institution on the subject land, and thereupon granted that branch of the motion.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the restrictive covenant does not bar the defendant from operating an educational institution on the subject land (see Lanza v Wagner, 11 NY2d 317).
In light of our determination, we do not reach the parties' remaining contentions.
DUFFY, J.P., BARROS, MILLER and CHRISTOPHER, JJ., concur.

2018-11142 DECISION & ORDER ON MOTION
In the Matter of Gedney Association, Inc., et al.,
petitioners/plaintiffs, v Common Council of the City of
White Plains, et al., respondents/defendants.
(Matter No. 1)
Claudia G. Jaffe, et al., appellants, et al., plaintiff,
v French-American School of New York, Inc., etc.,
respondent.
(Matter No. 2)
(Index Nos. 3084/17, 51577/18)

Motion by the French-American School of New York, Inc., on appeals from an order of the Supreme Court, Westchester County, dated August 24, 2018, inter alia, to strike stated portions of the brief of the then-appellants Gedney Association, Inc., John Sheehan, and Daniel Seidel on the ground that the brief improperly raises arguments for the first time on appeal and refers to matter dehors the record. By decision and order on motion of this Court dated February 10, 2020, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the argument of the appeal in Matter No. 2, it is
ORDERED that the branch of the motion which is strike stated portions of the brief of the then-appellants Gedney Association, Inc., John Sheehan, and Daniel Seidel on the ground that the brief improperly raises arguments for the first time on appeal and refers to matter dehors the record is denied as academic as the appeal by Gedney Association, Inc., John Sheehan, and Daniel Seidel was deemed withdrawn by decision and order on application of this Court dated April 29, 2022, in light of the parties' stipulation of withdrawal of that appeal, dated April 21, 2022.
DUFFY, J.P., BARROS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court