Krupp v Martin-Neyrey (2024 NY Slip Op 02695)

Krupp v Martin-Neyrey

2024 NY Slip Op 02695

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2021-07325
 (Index No. 53886/19)

[*1]Arthur J. Krupp, et al., appellants, 
v
Samantha Martin-Neyrey, respondent.

Corbally, Gartland and Rappleyea, LLP, Poughkeepsie, NY (Allan B. Rappleyea of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, for declaratory and injunctive relief, the plaintiffs appeal from a judgment of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated August 19, 2021. The judgment, insofar as appealed from, upon an order of the same court dated July 12, 2021, inter alia, granting those branches of the defendant's motion which were for summary judgment, in effect, declaring that a restrictive covenant that runs with the defendant's real property does not bar the defendant from maintaining a storage shed, alleged to be a guesthouse; an above-ground pool; a deck; a generator; and propane tanks on the defendant's real property and dismissing so much of the complaint as sought injunctive relief with respect to those structures, and denying those branches of the plaintiffs' cross-motion which were for summary judgment declaring that the restrictive covenant bars the defendant from maintaining those structures on the defendant's real property and on so much of the complaint as sought injunctive relief with respect to those structures, is, in effect, in favor of the defendant and against the plaintiffs dismissing so much of the complaint as sought declaratory and injunctive relief with respect to those structures.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof, in effect, dismissing so much of the complaint as sought declaratory relief with respect to the storage shed, alleged to be a guesthouse; the above-ground pool; the deck; the generator; and propane tanks, and adding thereto a provision declaring that the restrictive covenant that runs with the defendant's real property does not bar the defendant from maintaining those structures on the defendant's real property; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs commenced this action, inter alia, for declaratory and injunctive relief against the defendant, alleging, among other things, that the defendant violated a restrictive covenant that runs with certain real property in Dutchess County purchased by the defendant that is adjacent to the plaintiffs' real property. The plaintiffs alleged that the defendant erected, inter alia, an alleged guesthouse, an above-ground pool, a deck, a generator, and propane tanks (hereinafter collectively the structures) on the defendant's property in violation of the restrictive covenant, which provides, in relevant part, that "[a]ny building constructed on the premises shall be used for residential purposes and shall not contain less than 2,600 square feet of living space, exclusive of garage and basement space," and that "[a] separate detached garage may be constructed to be used for purposes usually associated with a residence."
The defendant moved, inter alia, for summary judgment, in effect, declaring that the restrictive covenant does not bar her from maintaining the structures on her property and dismissing so much of the complaint as sought injunctive relief with respect to the structures. In support of her motion, the defendant submitted, among other things, uncontroverted documentary evidence indicating that the alleged guesthouse was converted into a storage shed. The plaintiffs cross-moved, inter alia, for summary judgment declaring that the restrictive covenant bars the defendant from maintaining the structures on her property and on so much of the complaint as sought injunctive relief with respect to the structures. In an order dated July 12, 2021, the Supreme Court, among other things, granted that branch of the defendant's motion and denied that branch of the plaintiffs' cross-motion. In a judgment dated August 19, 2021, the court, inter alia, in effect, dismissed so much of the complaint as sought declaratory and injunctive relief with respect to the structures. The plaintiffs appeal.
"Restrictive covenants will be enforced when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy" (Chambers v Old Stone Hill Rd. Assoc., 1 NY3d 424, 431). "[A] party seeking to enforce a restriction on land use must prove, by clear and convincing evidence, the scope, as well as the existence, of the restriction" (Greek Peak v Grodner, 75 NY2d 981, 982). "Since the law favors the free and unobstructed use of real property, a restrictive covenant must be strictly construed against those seeking to enforce it, and may not be given an interpretation extending beyond the clear meaning of its terms" (Kemp v Village of Scarsdale, 71 AD3d 956, 956). "'[W]here the language used in a restrictive covenant is equally capable of two interpretations, the interpretation which limits the restriction must be adopted'" (Matter of Gedney Assn., Inc. v Common Council of the City of White Plains, 209 AD3d 1019, 1021, quoting Kaufman v Fass, 302 AD2d 497, 498). Where parties rely solely upon the written instrument and do not refer to parol evidence for the purpose of proving what was intended by disputed contractual language, there are no questions of credibility and no inferences to be drawn from extrinsic evidence, and the issue of interpretation is an issue of law (see Carvel Corp. v Rait, 117 AD2d 485, 488-489).
Here, the defendant established, prima facie, that the plain language of the restrictive covenant at issue did not reveal an intent to prohibit the structures (see Matter of Gedney Assn., Inc. v Common Council of the City of White Plains, 209 AD3d at 1021-1022; Kemp v Village of Scarsdale, 71 AD3d at 956). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Contrary to the plaintiffs' contention, the restrictive covenant does not unambiguously prohibit all improvements to the land except for a house and garage (see Matter of Gedney Assn., Inc. v Common Council of the City of White Plains, 209 AD3d at 1021-1022).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment, in effect, declaring that the restrictive covenant does not bar her from maintaining the structures on her property, and properly denied that branch of the plaintiffs' cross-motion which was for summary judgment declaring that the restrictive covenant bars the defendant from maintaining the structures on her property. For the same reasons, the court properly granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought injunctive relief with respect to the structures, and properly denied that branch of the plaintiffs' cross-motion which was for summary judgment on so much of the complaint as sought injunctive relief with respect to the structures (see id.). However, rather than, in effect, dismissing so much of the complaint as sought declaratory relief with respect to the structures, the court should have declared that the restrictive covenant does not bar the defendant from maintaining the structures on her property (see 200 Genesee St. Corp. v City of Utica, 6 NY3d 761, 762; Lanza v Wagner, 11 NY2d 317, 334).
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court