Forest Hills Gardens Corp. v West Side Tennis Club
2026 NY Slip Op 03780
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Forest Hills Gardens Corporation, appellant-respondent,
v
West Side Tennis Club, respondent-appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-12851, (Index No. 710195/23)
Lara J. Genovesi, J.P.
Valerie Brathwaite Nelson
Deborah A. Dowling
Phillip Hom, JJ.

Carter Ledyard & Milburn LLP, New York, NY (Christopher G. Rizzo, Nicholas W. Tapert, and Annelise Raymond Alam of counsel), for appellant-respondent.
Gibson, Dunn & Crutcher LLP, New York, NY (Akiva Shapiro and Michael Nadler of counsel), for respondent-appellant.

[*1]
DECISION & ORDER
In an action, inter alia, for injunctive relief, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered October 21, 2024. The order, insofar as appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging breach of a restrictive declaration, trespass, and a violation of a zoning resolution. The order, insofar as cross-appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging public nuisance and private nuisance.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging trespass, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff commenced this action, inter alia, to enjoin the defendant from holding concerts at Forest Hills Stadium (hereinafter the Stadium). The complaint alleged that the Stadium sits within Forest Hills Gardens (hereinafter the Gardens), a private residential community in Queens, and that the plaintiff is the record owner of the private streets, sidewalks, and parks in the Gardens. The complaint further alleged that the Stadium underwent renovation in 2013 and that the number of concerts held there has steadily increased since that time, with the defendant, a nonprofit corporation, licensing the Stadium to a for-profit corporation to operate concerts. The plaintiff allegedly issued limited licenses for concert attendees to utilize portions of its streets and sidewalks in the past, but the plaintiff stopped issuing such licenses when the last expired in October 2022. The complaint alleged that the defendant had nonetheless continued to schedule concerts and that, in addition to noise and traffic gridlock, the plaintiff had incurred substantial costs for security and cleanup of its property after the concerts. The complaint asserted causes of action alleging, among other things, breach of a restrictive declaration, trespass, a violation of a zoning resolution, public nuisance, and private nuisance.
The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. The [*2]Supreme Court, inter alia, granted those branches of the motion which were to dismiss the causes of action alleging breach of a restrictive declaration, trespass, and a violation of a zoning resolution and denied those branches of the motion which were to dismiss the causes of action alleging public nuisance and private nuisance. The plaintiff appeals, and the defendant cross-appeals.
Generally, on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint is afforded a liberal construction, the allegations are accepted as true, the plaintiff is accorded the benefit of every favorable inference, and the court determines whether the facts as alleged fit within any cognizable legal theory (see Connolly v Long Is. Power Auth., 30 NY3d 719, 728; Leon v Martinez, 84 NY2d 83, 87- 88). "When evidentiary material is considered, the criterion is whether the [plaintiff] has a cause of action, not whether [the plaintiff] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Leon v Martinez, 84 NY2d at 88). Submissions by the defendant on a motion pursuant to CPLR 3211(a)(7) "will seldom if ever warrant [dismissal] unless [they] establish conclusively that plaintiff has no cause of action" (Rovello v Orofino Realty Co., 40 NY2d 633, 636; see Lawrence v Graubard Miller, 11 NY3d 588, 595). "[A]ffidavits may be used freely to preserve inartfully pleaded, but potentially meritorious, claims" (Rovello v Orofino Realty Co., 40 NY2d at 635), however, "a plaintiff is not required to offer evidentiary support for a properly pleaded claim" (Bodden v Kean, 86 AD3d 524, 526). Under CPLR 3211(a)(1), dismissal is warranted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
"The essential elements of a cause of action sounding in trespass are the intentional entry onto the land of another without justification or permission" (Korsinsky v Rose, 120 AD3d 1307, 1309-1310; see Julia Props., LLC v Levy, 137 AD3d 1224, 1225). "As a general rule, an action for trespass may not be maintained where the alleged trespasser has an easement over the land in question" (Julia Props., LLC v Levy, 137 AD3d at 1225 [alteration and internal quotation marks omitted]; see Kaplan v Incorporated Vil. of Lynbrook, 12 AD3d 410, 412). "However, this general principle is true only when the scope of the easement has not been exceeded" (Julia Props., LLC v Levy, 137 AD3d at 1225 [internal quotation marks omitted]; see Pawelski v Osczepinski, 192 AD3d 1038, 1039).
Here, the plaintiff conceded that the defendant, like all other members of the plaintiff, has a nonexclusive easement on the plaintiff's private streets and sidewalks, which extends to the defendant's invitees. However, affording the complaint a liberal construction and according the plaintiff the benefit of every possible inference, the complaint, as amplified by the plaintiff's affidavits, adequately states a cause of action alleging trespass. Among other things, the plaintiff alleged that the defendant has closed the plaintiff's streets to the exclusion of other members of the plaintiff and has installed, inter alia, a bag check station, barricades, and a "Stadium VIP area" on the plaintiff's property. The holder of an easement "cannot materially increase the burden of the servient estate or impose new and additional burdens on the servient estate" (Solow v Liebman, 175 AD2d 120, 121). Since the plaintiff has adequately alleged that the defendant has exceeded the scope of its easement, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging trespass (see Reyes v Carroll, 137 AD3d 886, 889-890; Shuttle Contr. Corp. v Peikarian, 108 AD3d 516, 518; see also Whalen v Town of Dover, 226 AD3d 847, 850).
Contrary to the defendant's contention, the Supreme Court properly denied that branch of its motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging public nuisance. "A private action to abate a public nuisance exists only if it is shown that the [plaintiff] suffered special injury beyond that suffered by the community at large. The injury must be different in kind than that suffered by the entire community, not simply different in degree" (Matter of Agoglia v Benepe, 84 AD3d 1072, 1077; see 532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 292). Affording the complaint a liberal construction and according the plaintiff the benefit of every possible inference, the complaint, as amplified by the plaintiff's [*3]affidavits, adequately pleads a special injury to the plaintiff in that it allegedly has suffered pecuniary loss and trespass not suffered by the community at large (see 532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d at 293-294; Matter of Agoglia v Benepe, 84 AD3d at 1077; Leo v General Elec. Co., 145 AD2d 291, 294).
The Supreme Court also properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging private nuisance. The elements of a private nuisance cause of action are: "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570; see Harris v Miranda, 219 AD3d 1498). "Except for the issue of whether the plaintiff has the requisite property interest, each of the other elements is a question for the jury" (Broxmeyer v United Capital Corp., 79 AD3d 780, 782-783 [alteration and internal quotation marks omitted]; see Redwood Prop. Holdings, LLC v Christopher, 211 AD3d 758, 759). Here, the plaintiff adequately pleaded a cause of action alleging a private nuisance (see Redwood Prop. Holdings, LLC v Christopher, 211 AD3d at 759; Ford v Fink, 84 AD3d 725, 728).
Contrary to the defendant's contention, the plaintiff was not collaterally estopped from asserting the cause of action alleging breach of a restrictive declaration, as the plaintiff in this action was not in privity with the plaintiff in the prior action relied upon by the defendant (see generally Green v Santa Fe Indus., 70 NY2d 244, 253). However, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(1) and (7) to dismiss that cause of action. "[T]he law has long favored free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them" (Witter v Taggart, 78 NY2d 234, 237; see Kaufman v Fass, 302 AD2d 497, 498). "[W]here the language used in a restrictive covenant is equally capable of two interpretations, the interpretation which limits the restriction must be adopted" (Kaufman v Fass, 302 AD2d at 498; see Matter of Gedney Assn., Inc. v Common Council of the City of White Plains, 209 AD3d 1019, 1021). Here, the documentary evidence submitted by the defendant included the restrictive declaration at issue, which did not unequivocally prohibit the use of the Stadium for concerts, and, therefore, utterly refuted the plaintiff's factual allegations alleging a breach of the restrictive declaration (see Matter of Gedney Assn., Inc. v Common Council of the City of White Plains, 209 AD3d at 1021-1022; Rautenstrauch v Bakhru, 64 AD3d 554, 556).
The Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging a violation of a zoning resolution, as the plaintiff did not identify any specific zoning law that the defendant violated that would affect the plaintiff specially (see generally Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406; Little Joseph Realty v Town of Babylon, 41 NY2d 738, 741-742).
The defendant's remaining contentions are either improperly raised for the first time on appeal or without merit.
GENOVESI, J.P., BRATHWAITE NELSON, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court